SUPREME RULING OF FRATERNAL MYSTIC CIRCLE v. NATIONAL SURETY CO.

(Supreme Court, Appellate Division, Fourth Department.   July 12, 1906.)

**1.** INSURANCE—INDEMNITY INSURANCE — POLICY — STIPULATIONS — CONSTRUCTION.

A fidelity bond to indemnify an employer against loss by reason of the dishonesty of its employés required the employer, on acquiring information indicating that an employé was dishonest, to notify the insurer thereof, or the insurer would be relieved from liability.   In August an employé collected money for the employer.   Under the rules of the employment this collection should have been remitted and reported September 2d.   The employé failed to do either.   The employer in the latter part of September telegraphed and wrote to the employé, calling his attention to his failure to remit.   The employé paid no attention to the communications.   The employer sent an officer to see the employé, who thereafter replied that he would get the money and send it as soon as possible.   The employer gave no notice to the insurer of the default until October 7th.   Thereafter the employé sent to the employer a check for a part of the collection, which check went to protest and was not paid.   No notice of this fact was given to the insurer.   The employé was allowed to make further collections, which were not remitted. · Thereafter the employer reported that the employé was delinquent.   *Held*, that the insurer was not liable for collections made after August, the employer failing to give the required notice after being aware of the employé's failure to pay the collections made in August.

**2.** SAME——EVIDENCE—ADMISSIBILITY.

In an action on a fidelity bond indemnifying an employer against loss by reason of the dishonesty of an employé, the testimony of the employé as to the amount of his collections under his employment was admissible.

Appeal from Special Term, Erie County.

Action by the Supreme Ruling of the Fraternal Mystic Circle against the National Surety Company.   From a judgment for plaintiff, defendant appeals.   Modified and affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

Maulsby Kimball, for appellant.

Wallace Thayer, for respondent.

NASH, J.   The action is upon a fidelity bond of the defendant, by the terms of which it agreed to indemnify the plaintiff against pecuniary loss by reason of the personal dishonesty of certain of its employés, in connection with the duties pertaining to the office or position to which the employé was appointed, among whom was Thomas Muat, Worthy Collector of Houston Ruling No. 630 at Houston, Tex., one of the subordinate lodges of the plaintiff, from November, 1901, to his resignation in November, 1902.   Under the by-laws of the plaintiff, worthy collectors were required to remit to the supreme treasurer on the second business day of each month the assessments collected of the members during the preceding month, and report to the supreme recorder the amount forwarded.   If such remittance was not made by the 7th of the month, a penalty was imposed upon the collector of one dollar

a day for each day the remittance was delayed. If the collector did not remit by the 20th of the month, he was subject to removal from office.

The sixth condition of the bond provided that:

"If at any time after the beginning of the term for which this bond is written the employers suspect, or if there come to the notice or knowledge of the employer, any act, fact, or information tending to indicate that any employé is or may be unreliable, deceitful, dishonest, or unworthy of confidence, the employer shall immediately so notify the company in writing at its principal offices in the city of New York, and, if the employer fail or neglect to do so, the company shall not be liable for any act of such employé thereafter committed."

The seventh condition provided:

"Upon the discovery by the employer that a loss has been sustained, or of facts indicating that loss has probably been sustained, the employer shall immediately so notify the company in writing at its principal offices in the city of New York, and failure to give such immediate notice shall relieve the company from all liability hereunder, on account of the employé causing such loss."

The thirteenth condition provided:

"The company may at any time terminate the obligation which it shall have assumed in behalf of any and every employé under this bond by giving the employer written notice of its election so to do, and such termination shall take effect at the expiration of fifteen days from the receipt of such notice by the employer, and the company shall not be liable for any such employé thereafter committed."

During the month of August, 1902, Muat collected $277.87. Under the by-laws this should have been remitted and reported September 2, 1902, but was neither remitted nor reported. The latter part of September the plaintiff telegraphed and wrote Muat, calling his attention to the remittance which should have been made September 2d. He paid no attention to either communication. Early in September the plaintiff sent Dr. Autrey, one of the officers of the local lodge, to see Muat. After being visited by Dr. Autrey, Muat replied to the letter and the telegram, stating that he would endeavor to get the money and send it as soon as possible. No step of any kind was taken by the plaintiff to prevent Muat from making any further collections. He collected the September assessment, $271.65, in October a special assessment, amounting to $232.31, and the regular assessment, of $249.84. No notice of Muat's default was given by the plaintiff to the defendant until October 7, 1902, when the plaintiff by mail gave to the defendant a list of eleven worthy collectors who were in arrears in "making their remittance," and only three of these on more than one assessment. Muat's name was in the list, but nothing to indicate that he was in default on more than one assessment. The plaintiff, in the letter containing the list of delinquents, requested the defendant to "write them each to the effect that they must send in their returns on all collections at once, or proceedings will have to be begun against them."

On October 10, 1902, Muat sent the plaintiff a check for $296.56, which went to protest and was not paid. No notice of this fact was given to the defendant at that time. November 4, 1902, the plaintiff

by mail reported to the defendant a list of worthy collectors "delinquent on the first instant," among them, "Thomas Muat, 207 Main street, Houston, Tex., owes three assessments." The letter concluded: "Please send these parties your usual notice." Muat finished his collections in November, 1902, and the latter part of that month voluntarily resigned, and turned over his books to the plaintiff. Muat made payments to the plaintiff on account of these collections as follows: September 30, 1902, $50, November 19, 1902, $120, November 9, 1903, $25, April 18, 1904, $10, November 14, 1904, $75, and had a credit of commissions $11.61. The deficiency found at the trial was the sum of $740.06, for which, with interest thereon from November 1, 1902, amounting in all to $876.23, the court directed a verdict for the plaintiff.

The contention of the appellant is that the plaintiff failed to comply with the conditions of the bond, which required notice to be given to the defendant of any act, fact, or information tending to indicate that an employé is or may be unreliable, dishonest, or unworthy of confidence; that knowledge of Muat's failure to remit the August, 1902, assessments in the month of September was information furnished to the plaintiff that Muat might be unreliable, and that when he failed to remit the September, 1902, assessments, due October 2d, it was evidence of the fact that there was liability of loss on account of Muat's default; that the defendant was entitled under the conditions of the bond to notice that Muat had failed to remit, so that the defendant might avail itself of the conditions of the bond, and cancel it as to Muat.

We think the appellant's contention should be sustained. When Muat neglected to answer the plaintiff's letter and telegram, or to respond to the personal demand of Dr. Autrey, the plaintiff was then fully aware of its loss or its liability to loss, and should have at once informed the defendant, to the end that it might take steps to further prevent loss on account of Muat's collections. It was the duty of the plaintiff itself to have taken steps to prevent Muat from making the October and November collections.

We think that the appellant's claim that the verdict should be reduced by the sum of $482.05, being collections during October and November, with interest on that amount to the date of the verdict, amounting in all to $567.86, should be allowed.

We think no error was committed in the reception of the testimony of Muat as to the amount of his collections.

Judgment modified, in accordance with the opinion of NASH, J., and, as so modified, the judgment and the order denying defendant's motion for a new trial are affirmed, without costs of this appeal to either party. All concur.